

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. Banks
County Judge
Parker County
Weatherford, Texas

Dear Sir:

Opinion No. O-3983
Re: In case of a vacancy in the
office of county attorney
who has been designated crim-
inal district attorney the
commissioners' court shall
fill the vacancy

Your request for an opinion of this department reads
in part:

"We now have no acting County Attorney, which
last year we designated as Criminal District At-
torney as provided by Act 326K-11, 1941 Revised
Statutes of Texas. At the request of Mr. Borden,
who was our County Attorney, we changed the name
to Criminal District Attorney.

"

"Since we have changed the name of the County
Attorney to Criminal District Attorney of Parker
County, Does the Commissioners Court of Parker
County, or the Governor of the State of Texas have
the right to appoint a County Attorney or Criminal
District Attorney to fill out Mr. Borden's unex-
pired term? The Commissioners Court is now in
session and I am writing this letter at the re-
quest of the Court in the absence of a County At-
torney through whom we can meet this question.
I might state here that Parker County has always
designated its Attorney as the County Attorney,
but he has always handled the duties of a District
Attorney, as we are not in any District Attorney's
District."

We held in our Opinion No. 0-3636, a copy of which is enclosed herewith, that a change in the title of county attorney to that of criminal district attorney under Senate Bill 312, Acts of the 47th Legislature, does not change the powers, duties and functions of the officer.

Senate Bill 312, 47th Legislature of Texas, provides that the county attorney of any county in this State not embraced in or constituting either a criminal district attorney's district or a district attorney's district and wherein the duty of representing the State in all criminal matters arising in such county devolves upon the county attorney of such county, might petition the commissioners' court to designate the office of county attorney as the office of criminal district attorney of such county. It specifically provides that a change in the name of the office shall not operate so as to ". . . alter or affect either the rights, duties, or emoluments of such office or the incumbent thereof. . . ."

Section 2 of the Act reads:

"INTENT OF ACT. It is not the intention of this Act to create any office of District Attorney or any other Constitutional office; but it is the intention of this Act merely to authorize a change in the name of and appellation of the office of County Attorney and the incumbent thereof in certain counties, without otherwise changing or affecting the rights, duties or emoluments either of such office or the incumbent thereof."

Article 2355, Vernon's Annotated Civil Statutes, reads:

"The Court shall have power to fill vacancies in the office of: County Judge, County Clerk, Sheriff, County Attorney, County Treasurer, County Surveyor, County Hide Inspector, Assessor of Taxes, Collector of Taxes, Justices of the Peace, Constables, and County Superintendent of Public Instruction. Such vacancies shall be filled by a majority vote of the members of said Court, present and voting, and the person chosen shall hold office until the next general election."

It is our opinion that the vacancy in the office of criminal district attorney should be filled by action of the commissioners' court, acting pursuant to Article 2355, supra.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Lloyd Armstrong*
Lloyd Armstrong
Assistant

LA:db

Enclosure

APPROVED MAY 7, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS